## In re: THE FINOVA GROUP INC.

### Finova Capital Corp., Debtors.

**Official Committee of Equity Security Holders, Appellant.**

**No. 08–3990.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 2, 2009.

Filed Oct. 21, 2009.

Andrew R. Cardonick, Esq., Greenberg Traurig, Chicago, IL, Lee E. Kaufman, Esq., Jason M. Madron, Esq., Richards, Layton & Finger, Wilmington, DE, for Debtors.

William D. Sullivan, Esq., Sullivan, Hazeltine & Allinson, Wilmington, DE, for Appellant.

Before: McKEE, CHAGARES, and NYGAARD, Circuit Judges.

### OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellees The Finova Group and Finova Capital Corporation (Finova) has accumulated more than eight million dollars under the terms of its approved Plan of Reorganization and an Indenture between itself and the Bank of New York, as Trustee. The Bankruptcy Court determined that Finova is prohibited from distributing these Segregated Funds to the Appellant Equity Holders and instead held that Finova must use these funds for general corporate purposes—including the payment of creditors.

---

The facts and procedural history of this case are well known to the parties and to the Court, and it is not necessary that we restate them in detail here. The Bankruptcy Court determined the Plan and the Indenture to be unambiguous. Distribution of the Segregated Funds to the Equity Holders, the court found, were prohibited because such a disbursement would be an "impermissible restricted payment" under the Plan and Indenture.

The District Court affirmed. In reviewing an appeal from an order of the Bankruptcy Court, we apply the same standards as did the District Court. *In re Old Summit Mfg., LLC,* 523 F.3d 134, 137 (3d Cir.2008). Thus, we review the Bankruptcy Court's findings of fact for clear error and exercise plenary review over the Bankruptcy Court's legal determinations. *In re Woskob,* 305 F.3d 177, 181 (3d Cir. 2002).

We have concluded that neither a full memorandum explanation nor a precedential opinion is indicated in this case because of the very extensive opinions filed by the Bankruptcy Judge and the District Judge. These opinions adequately explain and fully support their orders and refute the Appellant's allegations of error. Hence, we believe it wholly unnecessary to further opine, or offer additional explanations and reasons to those given by the Bankruptcy Court and the District Court. It is a sufficient explanation to say that, after our own comprehensive review of the record and the briefs submitted by the parties, we will affirm essentially for the reasons given by the Bankruptcy Court and the District Court in their respective opinions.